**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10280 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00927-SRB-1 |
| v. | |
| AUGUSTINE BERNAL THOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted October 15, 2012[**]
San Francisco, California

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

Augustine Bernal Thomas appeals his conviction and sentence for

obstruction of justice by retaliating against a witness and conspiracy to obstruct

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

justice in violation of 18 U.S.C. § 1513(b). Thomas ordered two Native American inmates at the Central Arizona Detention Center to beat up Jeremy Zepeda because Zepeda testified against his (Zepeda's) brother in a trial unrelated to Thomas. He complains that the district court should have excluded certain expert testimony of prosecution witness Peter Gammill. He also contends that his 360-month sentence, which was at the low end of a 360-month-to-life Guideline range, was substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Thomas's conviction and sentence.

Thomas argues that the district court erred in three ways in failing to exclude Gammill's testimony. First, he argues that the court failed to conduct a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993), to determine whether the expert portion of the testimony was admissible. However, Thomas failed to request such a hearing or challenge Gammill's qualifications, and, in any event, the record establishes that Gammill was qualified as an expert. *See United States v. Mendoza*, 244 F.3d 1037, 1046-47 (9th Cir. 2001) (harmless error where defendant did not object to qualifications and where the record adequately established witness's qualification as an expert).

Second, Thomas argues that the court failed to caution the jury regarding Gammill's expert testimony. Thomas made the conscious decision to proceed in

this manner, requesting that the court not give an expert witness instruction, explaining, "I really don't think that this person should be elevated to that level." Having made that tactical decision, Thomas cannot now complain that the district court complied with his request.

Third, Thomas argues that the court permitted Gammill to encroach upon the exclusive function of the jury. However, Gammill did not opine on a mental state or condition that constituted an element of the charged offense. *See* Fed. R. Evid. 704(b). To the extent Thomas argues that Gammill's testimony was improper vouching, Thomas did not object to Gammill's testimony on that basis at trial, so we review that claim for plain error. *United States v. Rudberg*, 122 F.3d 1199, 1206 (9th Cir. 1997). There was substantial evidence that corroborated Zepeda's testimony. Providing one more reason to believe Zepeda's testimony did not "seriously affect the 'fairness, integrity or public reputation of judicial proceedings.'" *Rudberg*, 122 F.3d at 1206 (quoting *United States v. Young*, 470 U.S. 1, 14 (1985) (internal quotation marks omitted)).

Thomas also challenges the substantive reasonableness of his 360-month sentence, which was at the low end of the properly calculated Guideline range. A district court's sentence is reviewed for an abuse of discretion, and the panel must "give due deference to the district court because '[t]he sentencing judge is in a

superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) in the individual case.'" *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Given Thomas's violent past, status as a career offender, and crime with a statutory maximum life sentence, Thomas's sentence was not an abuse of discretion.

**AFFIRMED**.